Requestor: Lee H. Turner, Esq., Town Attorney Town of Stockholm P.O. Box 223 Norwood, N.Y. 13668
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked several questions concerning the procedure for repeal of zoning regulations established by ordinance in your town. First, you ask whether the repeal can be accomplished through passage of a resolution or whether it is necessary to enact another ordinance to effectuate repeal.
Generally, an ordinance can only be amended or repealed through enactment of another ordinance or a local law. Municipal Home Rule Law §10(2). In towns, ordinances and local laws are the vehicles through which legislation is enacted. The enactment, amendment or repeal of zoning regulations is legislation requiring the enactment of a local law or ordinance.
Second, you have asked whether the provisions of section 264 of the Town Law must be followed in enacting the repeal. Section 264 provides procedures for adoption of zoning regulations which include the conduct of a public hearing, notice to the public, and additional procedural requirements. These provisions apply equally to all proposed amendments to zoning regulations. Town Law § 265. A repeal of zoning regulations is an amendment that would be subject to these procedural requirements.
Finally, you ask whether a repeal of zoning regulations is subject to review by a county planning agency or metropolitan or regional planning commission under section 239-m of the General Municipal Law. Under section 239-m, "each municipal body which has jurisdiction to adopt or amend zoning regulations . . ." must before taking final action on certain matters refer the matter to the county, metropolitan or regional planning agency. General Municipal Law § 239-m(1). In that section 239-m by its terms applies to the adoption or amendment of zoning regulations, in our view the section applies to amendments effectuating a repeal.
We conclude that the repeal of zoning regulations enacted by ordinance may be accomplished by ordinance or local law, subject to the procedural requirements of section 264 of the Town Law and section239-m of the General Municipal Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.